IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WAYLAND BRAXTON WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-056 |
| | ) | |
| HON. SHERYL B. JOLLY and RENEE BELL, | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). (See doc. nos. 1, 2.) Upon review of the original IFP motion, the Court determined there was insufficient information to determine whether Plaintiff should be allowed to proceed IFP. (See doc. no. 4.) Thus, on March 31, 2026, the Court denied Plaintiff's original motion without prejudice and directed him to submit a new IFP motion within twenty-one days and warned Plaintiff if he did not timely submit a new motion or pay the $405 filing fee, he risked dismissal of the case. (See id. at 2.) That Order warned plaintiff that he was required to disclose "income from any family members who may reside with him or contribute to paying his expenses." (Doc. no. 4, p. 3.) Plaintiff's renewed IFP motion is now before the Court for review. (Doc. no. 5.)

Plaintiff lists his average monthly income for the last 12 months as $400, (doc. no. 5, p. 2), however, he also acknowledges (for the first time) that he received at least $3,500 per month from an employer as recently as December of 2025 (id.). His original application

claimed that his last date of employment was February 1, 2023.[1]  (Doc. no. 2 at 2).  He claims to be unemployed (doc. no. 5, p. 5), but also lists a "Company Owned" Jeep as an asset, (id. at 3) which he acknowledges is "registered to and owned by Plaintiff's employer," (id. at 7).  He claims to have only $12.09 in his checking account, but claims total monthly expenses of $3,624 (id. at 4-5, 7), and that these monthly living expenses "are covered through financial support provided by family members," (id. at 6-7).  However, despite the Court's clear instructions to the contrary, he declines to disclose how much he receives from family members to support his lifestyle.

In sum, the Court previously explained why it did not have sufficient information to determine whether Plaintiff should be allowed to proceed IFP and directed him to submit a new motion "with current, accurate, and complete financial information."  (Doc. no. 4, p. 2.)  In response, Plaintiff submitted a second IFP motion - attested as true under penalty of perjury shortly after the first such attestation - with significant, unexplained, and conflicting numbers and information as set forth in detail above.  Having reviewed all the information in Plaintiff's various IFP submissions, and despite an assertion that Plaintiff is destitute, it appears he has the ability to pay the $405 filing fee.

Leave to proceed IFP is discretionary with the Court, and that discretion is to be exercised so as not to deny a party access to the courts solely on account of financial standing. See Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Although poverty sufficient to qualify under 28 U.S.C. § 1915 does not require penniless destitution, proceeding IFP is a *privilege*, not a right.  See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506

---

[1] Plaintiff asserts that his four months of unemployment and his eight months of employment average a total monthly income of $400.  (Doc. no. 5 at 6.)  However, even accepting as true his position that he has been unemployed for five of the last 12 months, his average income would be $2,041.67.

U.S. 194, 198 (1993). Indeed, "courts should grant the privilege 'sparingly' in civil cases for damages." Thomas v. Sec'y of Dep't of Veterans Affs., 358 F. App'x 115, 116 (11th Cir. 2009) (*per curiam*) (citation omitted). Serious misrepresentations may be considered by the Court when determining whether an IFP motion should be granted. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 137 (11th Cir. 2004) (*per curiam*) (citation omitted).

Here, having considered the financial information in the record, including Plaintiff's refusal to disclose the amount he receives in loans from family members, as well as the use of a company car for an undisclosed employment arrangement, the Court **REPORTS** and **RECOMMENDS** Plaintiff's second motion to proceed IFP be **DENIED**, (doc. no. 5), and Plaintiff be **DIRECTED** to pay the full filing fee if he intends to pursue his case. Should the District Judge adopt this recommendation and Plaintiff fail to pay the filing fee within twenty-one days after that final action, the case should be **DISMISSED** without prejudice and **CLOSED**. Of course, Plaintiff may choose to pay the $405 filing fee now, and the case will proceed without further delay.

SO REPORTED and RECOMMENDED this 8th day of April, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3