IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WAYLAND BRAXTON WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-056 |
| | ) | |
| HON. SHERYL B. JOLLY and RENEE BELL, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). After giving Plaintiff an opportunity to supplement his application, (doc. no. 4) the Court recommended that Plaintiff's IFP application be denied, (doc. no. 6). Plaintiff has since filed an objection to the Court's Report and Recommendation supplementing (for a second time) his filing. (Doc. no. 8.) Having considered Plaintiff's affidavit of poverty, his supplemental motion for leave to proceed IFP, and his objection to the Court's Report and Recommendation, the Court **GRANTS** his request to proceed IFP, for the purposes of dismissal only. (Doc. no. 5.) Accordingly, the Court **VACATES** its prior Report and Recommendation. (Doc. no. 6.)

Because Plaintiff is proceeding *pro se* and IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous

or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii). For the reasons set forth below, the Court **REPORTS and RECOMMENDS** that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

## I.      Screening the Complaint

### A.      Background

Plaintiff is the father of a minor child and engaged in a custody dispute with the child's mother in the Superior Court of Columbia County. (Doc. no. 1, p. 3.) According to his complaint, he was an engaged primary caregiver prior to the dissolution of his marriage. (Id. at 4.) As part of the divorce, Plaintiff and the child's mother entered into a final decree awarding legal and joint physical custody to both parents, and Plaintiff was granted sole decision-making authority over his child's medical and educational needs. (Id. at 5.) However, this amicable custody arrangement ended in September of 2025 when a Temporary Order granted Defendant Bell—a guardian ad litem—authority to (i) increase visitation to unsupervised as she deemed appropriate; (ii) require drug testing prior to authorizing unsupervised visits, and (iii) conduct periodic drop ins. (Id.) In October of 2025, Defendant Bell suspended Plaintiff's visitation. (Id.) Plaintiff does not provide a purported reason why the custody arrangement was altered.

Plaintiff references events where Defendant Bell took action against him. First, in October, Defendant Bell arrived at Plaintiff's residence and stated that the child's mother believed that the child had communicated with Plaintiff's fiancé via FaceTime. (Doc. no. 1, p. 7.) However, the child told Plaintiff that he had been directed to record a video regarding this interaction. (Id.) Second, Plaintiff proactively sought drug testing during this period, the

2

results of which were negative.  (Id. at 8.)  However, Defendant Bell determined that Plaintiff's negative drug test results were insufficient.  (Id.)

In November of 2025, Defendant Bell communicated, *ex parte,* with the Superior Court's judicial assistant to seek an emergency suspension of Plaintiff's visitation, which the Court entered on November 24, 2025.  (Doc. no. 1, p. 6.)  On December 9, 2025, the Superior Court conducted a status conference at which time Plaintiff's retained attorney withdrew.  (Id. at 9.)  Plaintiff was ordered to take another drug test, which he was unable to complete in the short time frame given under the order.  (Id.)  Although Plaintiff filed a same-day motion stating that compliance was impossible, the Court issued no ruling.  (Id.).  Likewise, Plaintiff submitted an affidavit of indigence which remains pending.  (Id.)  He filed motions seeking clarification on December 21, 2025.  (Id.)

Since November of 2025, Plaintiff has filed 22 substantive motions in the Superior Court of Columbia County which, while docketed, remain pending.  (Doc. no. 1, pp. 10-12.)  He has also sought extraordinary relief from the Georgia Court of Appeals in the form of a mandamus action which has been denied.  (Id. at 12.)  After that denial, Plaintiff filed a Petition for Writ of Mandamus in the Columbia County Superior Court.  (Id. at 13.)  The Clerk of Court required a $264.00 payment and has refused to present Plaintiff's Affidavit of Indigency.  (Id.)  While Judge Jolly was initially assigned to the Mandamus action and signed the Standing Order Requiring Mediation, it has been transferred to Judge Flemming.  (Id.)

Plaintiff brings claims pursuant to 42 U.S.C. § 1983 against Defendant Sheryl B. Jolly and Renee Bell.  (Id. at 3-4.)  He alleges that he has been deprived of a parental liberty interest without constitutionally adequate process.  (Id. at 15.)  He seeks declaratory relief stating that he has been unconstitutionally deprived by prolonged judicial non-action.  (Id. at 17.)  He asserts that he has been deprived of parent-child communication without written authority or

adjudicated process. (Id. at 18.) He alleges that Defendant Bell is subject to suit for "Extra-Judicial Exercise of State-Derived Authority." (Id.) He asks the Court to declare that the prolonged deprivation of his parental rights and communication violated the Fourteenth Amendment, declare that parent-child communication may not be practically eliminated by state actors absent express written authority and constitutionally adequate process, grant prospective injunctive relief that the state court conduct a constitutionally adequate process on the restrictions of Plaintiff's parental rights, award compensatory and punitive damages against Defendant Bell for all injuries proximately caused by her conduct, and award taxable costs of suit and reasonable attorney's fees. (Id. at 22.)

   B.   **Discussion**

      1.   **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

4

That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.    Judge Jolly and Renee Bell are Immune From Suit

To the extent that Plaintiff has alleged claims against Judge Jolly in her official capacity, that claim is barred by the Constitution's Eleventh Amendment. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI. The Supreme Court has made clear that the states' immunity extends to suits by their own citizens. See, e.g., Hans v. Louisiana, 134 U.S. 1 (1890). It has also held that suits against state officials in their official capacities are also barred. See, e.g., Kentucky v. Graham, 473 U.S. 159, 169 (1985). Accordingly, suits

against state courts, and judges in their official capacities, are barred by the Eleventh Amendment, as the courts are merely arms of the state. See, e.g., Thorpe v. Dumas, 788 F. App'x 644, 649 (11th Cir. 2019); Stegeman v. Georgia, 290 F. App'x 320, 322-23 (11th Cir. 2008) (citing Kaimowitz v. Florida Bar, 996 F.2d 1151, 1155 (11th Cir. 1993)).

Judges are also generally immune from suit unless they act in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 357 (1978); Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. See Stump, 435 U.S. at 356; Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11 (1991). Moreover, this immunity extends to injunctive and declaratory relief unless a declaratory decree was violated or is unavailable. Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000). Plaintiff's allegations against Judge Jolly revolve around his allegation that she failed to rule on his motions and has deprived him of his parental rights via her involvement in the custody dispute. (See doc. no 1, pp. 15-20.) However, even her delayed action on any pending motion does not allege a "clear absence of all jurisdiction." See, e.g., Overcash v. Shelnutt, 2017 WL 4278496, at *4 (M.D. Fla. Mar. 27, 2017) ("[A]cting under a conflict of interest does not deprive a judge of absolute judicial immunity," and collecting cases). As a result, Defendant Jolly is entitled to absolute judicial immunity from any claim arising from actions in her judicial capacity.

Defendant Bell is likewise immune from suit. First, Plaintiff cannot allege a claim against Defendant Bell in her personal capacity. Absent specific allegations that convert them to state actors, guardian ad litems are considered private parties. See Higdon v. Smith, 565 F. App'x 791, 793 (11th Cir. 2014) (affirming dismissal of § 1983 claim against a guardian ad

6

litem where plaintiff failed to allege facts establishing that the guardian was a state actor). None of Plaintiff's claims rise to the level of alleging a conspiracy between Defendant Bell and any state actor. See Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992) ("For purposes of 42 U.S.C. § 1983, the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons."); see also Higdon v. Smith, 565 F. App'x 791, 793 (2014) (per curiam) ("As in Harvey, [Defendant] was appointed by the state as a guardian, and the state regulated her conduct. [cit] However, contrary to [Plaintiff's] assertions, the fact this regulatory rule exists is not sufficient to render [Defendant] a state actor for the purposes of § 1983.").

Second, to the extent Plaintiff seeks to sue Defendant Bell in her official capacity, it is unclear who Plaintiff sought to sue by bringing a § 1983 claim.  However, claims against guardian ad litems "in [their] official capacity [are] . . . claim[s] against the Guardian ad Litem Program."  See Lenz v. Winburn, 51 F.3d 1540, 1545 n. 3 (11th Cir. 1995) (citing Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)).  "To recover against the Program, [Plaintiff] must show that [Defendant Bell's] conduct was the result of a custom or policy of the Program." Lenz, 51 F.3d at 1545 n. 3 (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). Nothing in Plaintiff's complaint suggests that her conduct was caused by a custom or policy of any program.  As a result, any claims against her in her official capacity should be dismissed.

### 3.    Plaintiff is not Entitled to the Relief he Seeks

Plaintiff also cannot seek the relief he desires.  To the extent that Plaintiff's pleading seeks an order requiring the state superior court to immediately take up plaintiff's pending motions, this Court lacks jurisdiction to provide it.  "[F]ederal courts have no general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."  Lamar v. 118th Judicial Dist. Ct.

7

of Tx., 440 F.2d 383, 384 (5th Cir. 1971) (*per curiam*); see also Campbell v. Gersten, 394 F. App'x 654, 654 (11th Cir. 2010) (*per curiam*) ("The district court also lacked authority to issue a writ of mandamus to compel the state court and its officers to reinstate [plaintiff's motions] . . . and consider those motions on the merits."); Smith v. West, 2013 WL 596321, at *2 (S.D. Ga. Jan. 24, 2013).

As to his remaining claims for injunctive relief, he has not shown that he is entitled to such relief. Before a party is entitled to declaratory or injunctive relief, "plaintiff'[ ] must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000). Plaintiff's complaints revolve largely around the motions he filed which remain pending. And Plaintiff appears aware that Georgia law imposes a deadline for judges to rule on pending motions. O.C.G.A. § 15-6-21. However, Georgia law also provides a procedure to raise the issue when a judge does not meet that deadline. See Jackson v. Walker, 206 F. App'x 967, 969 (11th Cir. 2006). "Where a judge has not issued a ruling within the period authorized by statute, '[t]he only remedies for violation of the statute are mandamus and impeachment of the judge.'" Id. (quoting Brooks v. State, 458 S.E.2d 349, 352 (Ga. 1995)).

Here Plaintiff has already filed a mandamus action and although Plaintiff argues that it is not moving forward, the docket would suggest otherwise. See Columbia County Superior Court Clerk Docket Search, available at (follow "Civil Search" hyperlink; then search for Case #2026ECV0357, last visited May 1, 2026).[1] Indeed a review of the docket notes an order entered on April 13, 2026, as well as a Sheriff's Return of Service for Sheryl Jolly on April

---

[1] United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings).

14, 2026. Considering the ongoing nature of the mandamus action, the Court can discern no reason to interfere with the state's adjudication of this dispute at this time as Plaintiff has adequate remedies at law that he may yet pursue. Accordingly, Plaintiff's claim for injunctive relief is due to be dismissed. See Smith, 2013 WL 596321, at *2.

**4.    The Court Does Not Have Jurisdiction Over Domestic Disputes and should Abstain**

Finally, to the extent that any portion of Plaintiff's complaint seeks to challenge a custody determination, the Court lacks jurisdiction. It is well established that federal courts are courts of limited jurisdiction; possessing only the power afforded to them by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The Supreme Court has clearly held that "the domestic relations exception [to federal courts' diversity jurisdiction, pursuant to 28 U.S.C. § 1332] . . . divests the federal courts of power to issue divorce, alimony, *and child custody* decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (emphasis added). Specifically, in child custody cases, the Supreme Court explained over 100 years ago that "[t]he whole subject of the domestic relations of husband and wife, *parent, and child*, belongs to the laws of the states, and not to the laws of the United States. As to the right to the control and possession of [a] child, . . . it is one in regard to which neither the Congress of the United States, nor any authority of the United States, has any special jurisdiction." Ex parte Burrus, 136 U.S. 586, 593-94 (1890). Consistent with that precedent, this Court has also held that "[s]ubjects of divorce, [child] custody, and alimony are within the exclusive jurisdiction of the state courts . . . ." Grevious v. Sonner, 2016 WL 7424128, at * 1 (S.D. Ga. Nov. 18, 2016), *adopted* 2016 WL 7422671 (S.D. Ga. Dec. 22, 2016). While the Eleventh Circuit has not expressly answered the question of whether this exception applies in cases involving federal question jurisdiction, it has noted

9

that "the courts that liberally apply the domestic relations exception to federal question jurisdiction" have done so only "when the federal court would necessarily become enmeshed in the domestic factual disputes." Ingram v. Hayes, 866 F.2d 368, 372 (11th Cir. 1988).

Even assuming that this was the exceptional circumstances wherein a federal court might have jurisdiction over a child-custody determination, see, e.g., Grevious, 2016 WL 7424128, at * 1 ("under almost all circumstances the federal courts lack jurisdiction over" custody disputes), the Court lacks jurisdiction in this case to review either prior or ongoing state proceedings. Plaintiff's pleading in this case makes it clear that he seeks to overturn a custody determination already made by a state court. See, e.g., doc. 1-1 at 8 (referring to proceedings in Columbia state courts). While Plaintiff couches his request in the form of declaratory judgments, this Court may not review the propriety of any decisions by state courts. See, e.g., Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). As a result, to the extent that this suit seeks an order from this Court overturning the state court's prior custody determination, this Court lacks jurisdiction. See Butterfield v. JetBlue Airways Corp., 2022 WL 291003, at * 3 (11th Cir. Feb. 1, 2022) (citing, inter alia., Rohe v. Wells Fargo Bank, N.A., 988 F.3d 1256, 1262-63 (11th Cir. 2021)).

To the extent Plaintiff seeks to challenge an *ongoing* state proceeding, the Court would abstain pursuant to the Younger doctrine. The question of whether a federal court should abstain from interfering with a state judicial proceeding under the principle of Younger v. Harris, 401 U.S. 37 (1971), must be considered in three parts: "first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise

constitutional challenges."[2] 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). Here, Plaintiff's proceedings are ongoing, the custody dispute implicates important state interests, and Plaintiff has not established that the proceedings fail to provide an adequate remedy for his claim. Indeed, as noted *supra*, he has an ongoing opportunity in state court to correct any alleged errors. As a result, the Court should abstain from ruling under the Younger doctrine, even if it had jurisdiction over this custody dispute.

### 5.      No Amendment is Warranted

Given its facial frivolity, a re-pleading option is not warranted. Dysart v. BankTrust, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); Langlois v. Traveler's Ins. Co., 401 F. App'x 425, 426-27 (11th Cir. 2010); Simmons v. Edmondson, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity).[3]

## II.      Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff leave to proceed IFP for the purposes of dismissal only, (doc. no. 5) and **REPORTS and RECOMMENDS** that Plaintiff's

---

[2] While Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, the Eleventh Circuit has also indicated that Younger abstention extends to cases involving § 1983 claims for damages. See Boyd v. Georgia, 512 F. App'x 915, 917-18 (11th Cir. 2013) (*per curiam*) (affirming dismissal without prejudice, pursuant to Younger abstention, of § 1983 complaint seeking monetary damages).

[3] Despite the lack of any apparent basis for viable amendment, plaintiff's opportunity to object to this Report and Recommendation affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above. See Willis v. Darden, 2012 WL 170163 at *2 n. 3 (S.D. Ga. Jan 19, 2012) (citing Smith v. Stanley, 2011 WL 1114503 at *1 (W.D. Mich. Jan 19, 2011).

case be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO ORDERED and REPORTED AND RECOMMENDED this 1st day of May, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA