IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WAYLAND BRAXTON WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-056 |
| | ) | |
| HON. SHERYL B. JOLLY and RENEE BELL, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. nos. 14, 16.) The Magistrate Judge recommended that the case be dismissed for failure to state a claim. (See doc. no. 11.) While Plaintiff has filed an amended complaint, (doc. no. 15), it does not correct the errors identified in the Report and Recommendation, and the additional objections are unavailing.

In his proposed amended complaint, Plaintiff resuscitates many of the problems from his original filing. He maintains his suit against Defendant Jolly in an official capacity (doc. no. 15, pp. 16, 20), and against Defendant Bell in an individual capacity (id. at 18), despite having been warned that both of these individuals are immune from suit. Defendant Jolly is immune from suit in an official capacity pursuant to the Eleventh Amendment, as courts are merely arms of the state. See, e.g., Thorpe v. Dumas, 788 F. App'x 644, 649 (11th Cir. 2019);

Stegeman v. Georgia, 290 F. App'x 320, 322-23 (11th Cir. 2008) (citing Kaimowitz v. Florida Bar, 996 F.2d 1151, 1155 (11th Cir. 1993)). Moreover, Defendant Bell has not been converted to a state actor merely by her position as a guardian ad litem. See Higdon v. Smith, 565 F. App'x 791, 793 (11th Cir. 2014) (affirming dismissal of § 1983 claim against a guardian ad litem where plaintiff failed to allege facts establishing that the guardian was a state actor). None of Plaintiff's claims rise to the level of alleging a conspiracy between Defendant Bell and any state actor. See Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992) ("For purposes of 42 U.S.C. § 1983, the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons."); see also Higdon v. Smith, 565 F. App'x 791, 793 (2014) (per curiam) ("As in Harvey, [Defendant] was appointed by the state as a guardian, and the state regulated her conduct. [cit] However, contrary to [Plaintiff's] assertions, the fact this regulatory rule exists is not sufficient to render [Defendant] a state actor for the purposes of § 1983.").

Plaintiff also continues to seek injunctive relief regarding the application of the written suspension order against him in his child custody dispute and now seeks injunctive relief prohibiting the continued enforcement of the filing restriction placed on him by an April 29, 2026 Omnibus Order entered by the State Court. (Doc. no. 15, p. 22.) As the Magistrate Judge explained it will not issue an order at this time compelling the state court to take up Plaintiff's motions. Lamar v. 118th Judicial Dist. Ct of Tx., 440 F.2d 383, 384 (5th Cir. 1971) (per curiam); see also Campbell v. Gersten, 394 F. App'x 654, 654 (11th Cir. 2010) (per curiam) ("The district court also lacked authority to issue a writ of mandamus to compel the state court and its officers to reinstate [plaintiff's motions] . . . and consider those motions on the merits."); Smith v. West, 2013 WL 596321, at *2 (S.D. Ga. Jan. 24, 2013). Likewise, despite his

arguments that he has been prohibited from filing documents, his state mandamus action continues to move forward including a June 3, 2026 filing by Plaintiff in response to a pending motion to dismiss. See Columbia County Superior Court Clerk Docket Search, available at https://www.columbiaclerkofcourt.com/mainpage.aspx (follow "Civil Search" hyperlink; then search for Case #2026ECV0357, last visited June 8, 2026).

Finally, nothing in Plaintiff's recent filings or objections alters the basic issue: Plaintiff seeks to effect a change on a state court proceeding in a child custody dispute and wishes to challenge both prior and future decisions in that proceeding. Under both Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and Younger v. Harris, 401 U.S. 37 (1971), the Court must abstain from interfering with an ongoing state judicial proceeding. Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case for failure to state a claim upon which relief may be granted, and **CLOSES** this civil action.

SO ORDERED this _____ day of June, 2026, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3